## CITY OF MIAMI BEACH v. KOEHL.

No. 8042.

Circuit Court, Dade County, Criminal Appeal.

February 23, 1973.

Bruce S. Rogow, Miami, for the appellant.

Joseph Wanick, City Attorney, and Lionel Barnet, Miami, for the appellee.

GRADY L. CRAWFORD, Circuit Judge.

In this case Matt Koehl appeals from his August 24, 1972 conviction in the Miami Beach municipal court for a violation of Miami Beach Ordinance 25-30, which prohibits the wearing or display of the swastika, which is set forth in full below —

> *Communism and nazism — Wearing and display of symbols prohibited* — Criminal communism and criminal nazism are doctrines that existing constitutional government should be overthrown by force, violence or other unlawful means. The hammer and sickle and the swastika are the respective symbols of such doctrines. Experience has demonstrated that the wearing or display of such symbols under given conditions and circumstances constitute incitements to riot, and other serious disturbances and will inevitably disrupt the peace, quiet and good order of the community and of its citizens and residents. It is therefore unlawful for any person to wear or to display, in any manner, either the hammer and sickle or the swastika on any public street or way or in any building to which the public has access; provided, that the foregoing shall not be applicable to any bona fide theatrical production or drama; and provided further; that the provisions of this section pertaining to the hammer and sickle shall not be applicable to any person duly accredited by the United States of America as an official representative of the U.S.S.R. or to any ceremony or function held or conducted under the auspices or with the approval of the State Department of the United States of America.

> (Ord. No. 1485, Section 1).

Koehl, on August 23, 1972, was arrested by a Miami Beach police officer for wearing a swastika armband on his left arm. There was no evidence of any disturbance having occurred before or at the time of arrest. Upon conviction in the municipal court, Koehl was sentenced to pay a fine of $500 or sixty days imprisonment. He posted a supersedeas bond and this appeal followed.

The court finds that the conviction must be reversed. Miami Beach Ordinance 25-30 constitutes a prior restraint upon protected First Amendment activities and is therefore unconstitutional on its face. Moreover, upon the facts of this case, where there is no evidence of disruption or a clear and present danger to public order, the ordinance is unconstitutional as applied.

The wearing of an armband to communicate and express political beliefs is a protected First Amendment right. Tinker v. Community School District, 393 U.S. 503 (1969). The protections of that amendment do not turn upon "the truth, popularity or social

utility of the ideas and beliefs which are offered." NAACP v. Button, 371 U.S. 415, 445 (1953).

The ordinance in question absolutely bans the wearing of a swastika regardless of the circumstances in which it is worn. Such a prohibition constitutes a broad, sweeping prior restraint of the peaceful exercise of First Amendment rights. That is not consistent with the constitution. Near v. Minnesota, 283 U.S. 697 (1931); Hague v. CIO, 307 U.S. 496 (1939).

While the wearing of a swastika may engender resentment, the ordinance goes too far in asserting that the display would *per se* constitute a "clear and present danger." The Supreme Court has made it clear that hostile audiences are not valid reasons for restraining First Amendment rights. Terminiello v. City of Chicago, 337 U.S. 1 (1949); Gregory v. City of Chicago, 394 U.S. 111 (1969).

In this case there was no evidence that the wearing of the armband by Koehl caused, or was likely to cause any disruption of law and order on Miami Beach. Therefore the ordinance, in addition to being unconstitutional on its face, was also unconstitutionally applied.

For the reasons stated, it is ordered and adjudged that the August 24, 1972 conviction and sentence imposed by the city of Miami Beach is reversed and the trial court is directed to dismiss the case, and discharge the defendant.